STATE BANK v. HERRMANN et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1912.)

1. PLEADING (§ 323*)—BILL OF PARTICULARS—AMENDMENT OF COMPLAINT.
    Where the complaint was superseded by an amended complaint pending a motion for bill of particulars, and the order granting the motion referred to the amended complaint, the motion should be regarded as relating to it, and not to the pleading it superseded.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—PUBLIC DOCUMENTS.
    Where plaintiff's amended complaint pleaded a written contract, under which plaintiff claimed according to its legal effect, defendant was not entitled to a bill of particulars requiring plaintiff to annex copies of the contract, and also to give the dates of the allowance of certain claims for excess customs duties, so far as the dates were matters of record in the office of the United States Board of General Appraisers at the city of New York, or the New York custom house, or other public office within the city, though, if such information was furnished, it might enable defendant to demur.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by the State Bank against Henry Herrmann and others. From part of an order as resettled, requiring plaintiff to make the complaint more definite and certain, it appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Walter T. Kohn, of New York City, for appellant.
C. H. Payne, of New York City, for respondent.

PER CURIAM. [1] After the motion to make it more definite and certain was made, the original complaint was superseded by an amended complaint. However, the point does not appear to have been raised, and, as the amended complaint is recited in the order appealed from, the motion is doubtless to be regarded as relating to it, and not to the pleading which it superseded.

[2] So far as appealed from, the order requires the plaintiff to annex to the complaint a copy of the assignment under which it claims, and to state the dates of the allowance of certain claims for

·excess customs duties, so far as such dates "are matters of record in the office of the United States Board of General Appraisers at the city of New York, or in the custom house at the city of New York, or in any other public office within the said city." The plaintiff cannot be required to search public records for information for his adversary, and, while the respondent thinks that he might be in a position to demur to the complaint if the order is complied with, that does not justify an order to make more definite and certain a complaint which contains a plain and concise statement of the facts constituting the cause of action, or to require the plaintiff to annex to such a complaint copies of a written document; instead of properly pleading it, as was done in this case, according to its legal effect.

The order, in so far as appealed from, is reversed, with $10 costs and disbursements, and the motion to that extent denied.

---

### CALLAHAN v. GERBEREUX et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1912.)

JUDGMENT (§ 490*)—COLLATERAL ATTACK—PAROL EVIDENCE.

Appeal from Special Term, New York County.

Action by John Callahan againt Eugene Gerbereux and others. From a judgment of dismissal, entered on a decision after a trial at Special Term, plaintiff appeals. Reversed, and new trial ordered.

See, also, 136 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

James E. Duross, of New York City, for appellant.

Warren McConihe, of New York City, for respondent Morris Levin.

Edward J. Hogerty, of New York City, for respondent Levin & Levin Contracting Co.